ANDREW P. CINMAN AND SHARON K. CINMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cinman v. Commissioner
Docket No. 14046-84
United States Tax Court
T.C. Memo 1991-192; 1991 Tax Ct. Memo LEXIS 334; 61 T.C.M. (CCH) 2521; T.C.M. (RIA) 91192; April 30, 1991, Filed *334 Peter J. Anderson and Daniel J. Carroll, for the petitioners. Paul J. Krug, for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION This is one of over 150 cases in which respondent has filed or will file a motion for leave to file an amendment to the answer to raise increased interest applicable under section 6621(c). [1] The common denominator of these cases is that the taxpayers claimed loss deductions arising from alleged straddle transactions with First Western Government Securities (First Western). Originally there were over 3,000 cases involving transactions with First Western. Subsequently 10 test cases were selected to be tried by counsel representing petitioners and respondent. The other First Western cases were held in abeyance pending the decision in the test cases, and the Court instructed that "no further action will be taken without the express approval of" the Court. On October 21, 1987, the Court filed its opinion in those consolidated cases. . In that opinion we held that the so-called First Western transactions were "illusory and fictitious and not bona fide." . *335 We also held the increased interest provisions of section 6621(c) applied. Our opinion was affirmed by the Court of Appeals for the Fifth Circuit. . The Supreme Court has granted a petition for a writ of certiorari in that case, and it is currently pending before that Court (No. 90-762). The petition, however, did not challenge the substantive issues, and the writ granting certiorari is limited to procedural issues. Section 6621(c), originally enacted as section 6621(d), was added by section 144(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 682, effective after December 31, 1984. The section was subsequently amended by section 1535 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2750. The section, as amended, provides that if there is a substantial underpayment of tax attributable to a tax-motivated transaction, the applicable rate of interest shall be 120 percent of the rate otherwise *336 due. A tax-motivated transaction is defined, inter alia, as any straddle and any "sham" transaction. Sec. 6621(c)(3)(A)(iii), (v). On January 10, 1985, Chief Judge Dawson of this Court issued the following press release: It is estimated that there are about 22,000 cases now pending in the Tax Court which involve alleged tax shelters. If the Commissioner moved for leave to amend his answers in those cases to claim the additional interest under section 6621(d) [now section 6621(c)], the processing of all such motions would present the Court with a staggering problem. To avoid the Commissioner filing written motions in all such cases, the Court has decided to adopt the following procedures in cases now pending before the Court to be tried or to be submitted as fully stipulated: If the Commissioner gives adequate and timely written notice to the petitioner or his counsel of his intention to claim additional interest under section 6621(d) [now section 6621(c)], the counsel for the Commissioner may, at the trial session where the case is to be tried or submitted, make a motion, either orally or in writing, for leave to amend his answer to claim the additional interest. The Court *337 will act favorably on such motion and allow the Commissioner to amend his answer, but it will be necessary for the Commissioner to submit a written amendment to his answer specifying the tax motivated transactions which he claims gave rise to the substantial underpayment. The Commissioner shall also serve such amendment on the petitioner. Judge Dawson advises that no inference should be drawn from this announcement as to what position the Court will adopt in other circumstances.
Section 6621(c) was repealed by section 7721(b) of the Omnibus Budget Reconciliation Act of 1989 (hereinafter the Act), Pub. L. 101-239, 103 Stat. 2106, 2399, effective for "returns the due date of which (determined without regard to extensions) is after December 31, 1989." Sec. 7721(d) of the Act, 103 Stat. 2400. By letter dated December 31, 1990, respondent's counsel informed petitioners that, if the case were settled, the increased interest under section 6621(c) would apply. On January 14, 1991, this case was calendared for a pretrial hearing on February 27, 1991, in order to determine whether, in view of the Freytag case, partial summary judgment should be granted on the First Western issues. *338 On February 15, 1991, the Court received and filed respondent's motion for leave to file an amended answer. Petitioners' [2] counsel appeared and stated that his client was prepared to concede the underlying First Western issue; he objected, however, to the motion for leave to file an amended answer claiming increased interest under section 6621(c). Counsel, who had only recently been employed by petitioners, requested time to research the issue. The Court granted 15 days within which petitioners could file a memorandum on the issue. Relevant here, our Rules provide that "a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires." Rule 41(a). Petitioners first claim that they would be prejudiced if we were to grant the motion, and, therefore, it would not be in the interest *339 of justice. The predicate for this argument is that section 6621(c) has been repealed. This argument ignores the fact that when Congress repealed section 6621(c), it did so prospectively for taxpayers filing returns the due date for which is after December 31, 1989. The repeal of section 6621(c) was only a small part of an extensive revision of the so-called accuracy-related penalties contained in the Code. See H. Rept. 101-247, at 1387-1394 (1989). For example, the negligence addition was increased to 20 percent of the amount of the underpayment due to negligence. See sec. 6662 as amended by sec. 7721(a), of the Act, Pub. L. 101-239, 103 Stat. 2106, 2395. We note that, while some petitioners in the First Western cases complain that they are not given the advantages of the changes made in Pub. L. 101-239, they have not considered the other side of the coin. In short, we find no prejudice to petitioners by the prospective repeal of section 6621(c) and allowing respondent to amend his answer. Compare . Petitioners' second argument focuses on the Court's press release of January 10, 1985. Petitioners contend *340 that they have not received timely notice of respondent's intention to claim increased interest under section 6621(c). The Court has not addressed the timely notice provision in the press release. It is clear, however, that this provision relates to notice that is sufficient to allow a party to prepare for trial. The press release states that the Court will grant a motion for leave to file "at the trial session," if respondent "gives adequate and timely written notice." The notice requirement is to allow petitioners time to prepare for trial on the issue. It was not intended to provide a specific time limit within which respondent was required to file a motion for leave to amend except in situations where the taxpayer would be prejudiced by the inability to prepare the issue for trial. Compare , with . This case has not been calendared for trial. We, therefore, fail to understand how the purpose of the so-called notice requirement may have been violated. Petitioners' final argument is that the provisions in the letter proposing *341 settlement of the First Western issues did not provide "adequate" notice of respondent's intention to raise the section 6621(c) issue within the meaning of the press release. We need not here decide the outer limits of "adequate" notice. Certainly if respondent insisted on the increased interest in order to settle the First Western issue, it is only reasonable to conclude that he would seek leave to amend the answer if the case were to go to trial. Furthermore, we note that our opinion in Freytag was filed over 3 years prior to the motion for leave being filed. That opinion specifically addressed the increased interest under section 6621(c). Petitioners, and/or their advisers, were clearly on notice that respondent was claiming the increased interest under section 6621(c) based on the First Western losses claimed on the tax return. Finally, even if the notice was not adequate, as with the timely notice provision, the "adequate" notice provision of the press release relates to notice to prepare the case for trial, and petitioners have not been prejudiced in that respect. In the end, the prejudice that petitioners suffer is that they may have to pay more than they would have *342 if respondent had not moved for leave to amend the answer. But this is true in every situation where respondent moves to amend an answer to raise an issue not raised in the notice of deficiency. That type of prejudice is not sufficient to deny respondent's motion. See . An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code as in effect for the year or years in question. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. There is a question whether counsel represents Sharon K. Cinman. For our purposes here that question is not material. As discussed above, counsel made certain statements concerning the posture of the case. If he does not represent Sharon K. Cinman, these statements may not be binding with respect to her.↩